■ MICHAEL FERRANTE, Plaintiff, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Defendants. METROPOLITAN TRANSPORTATION et al., Third-Party Plaintiffs-Respondents, v KELLEY ENGINEERED EQUIPMENT, LLC, Third-Party Defendant-Appellant. [18 NYS3d 533]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered January 13, 2015, which, to the extent appealed from as limited by the briefs, granted the motion of defendants/third-party plaintiffs (MTA) seeking summary judgment on their contractual indemnity claim against Kelley Engineered Equipment (Kelley), and denied Kelley's motion to dismiss that claim, unanimously modified, on the law, to deny MTA's motion, and otherwise affirmed, without costs.

Third-party defendant Kelley designed specialized equipment to be used on the MTA's project creating a tunnel connecting Metro North Station with Pennsylvania Station, including designing the transporter involved in this matter. Plaintiff's employer, nonparty Dragados-Judlaw, had loaded the transporter with a roadheader, the machine used to mine the tunnel, and plaintiff was directed to remain atop the roadheader while it was moved to check for clearances. The roadheader began to tip over, causing plaintiff to be injured.

The contract between Dragados-Judlaw and Kelley provides that MTA is to be indemnified for claims "arising out of" Kelley's work unless the accident arises out of the sole negligence of Dragados-Judlaw or MTA. Here, the accident arose out of Kelley's work (*Brown v Two Exch. Plaza Partners*, 76 NY2d

172, 175-178 [1990]). However, questions of fact exist as to whether Dragados-Judlaw's supervisors were aware that the roadheader would be unstable unless loaded with its boom arm configured to offset any off-side on the load, making them knowledgeable users (see Public Adm'r of Bronx County v 485 E. 188th St. Realty Corp., 116 AD3d 1, 10 [1st Dept 2014]). Such a finding would defeat any claim of failure to warn against Kelley, rendering the negligence of Dragados-Judlaw the sole cause of the accident, and the indemnity clause in the contract inapplicable. Thus, summary judgment is not warranted to either party. Concur—Tom, J.P., Friedman, Andrias, Gische and Kapnick, JJ. [**Prior Case History: 46 Misc 3d 1207(A), 2015 NY Slip Op 50015(U).**]